IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT JOSEPH FIORE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV731 |
| | ) | |
| CAPTAIN MILEM, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This prisoner civil rights action comes before the Court on Defendant Milem's Motion for Summary Judgment [Doc. #43], and Plaintiff Fiore's Motion for Summary Judgment [Doc. #40]. Plaintiff Fiore is proceeding *pro se*, and the Motions are now fully briefed. For the reasons set out below, Defendant's Motion for Summary Judgment should be granted, Plaintiff's Motion for Summary Judgment should be denied, and this action should be dismissed.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff's claims in this case challenge the withholding of his mail while he was a pretrial detainee at the Rowan County Detention Center ("detention center"). Plaintiff claims that Defendant Milem, who was a captain with the sheriff's department and the jail administrator, unlawfully interfered with and delayed the delivery of his legal mail. In response, Defendant Milem has moved for summary judgment, contending that even accepting Plaintiff's version of events, Plaintiff's constitutional rights were not violated. Defendant Milem further contends that even assuming there was a constitutional violation, he is entitled to qualified immunity.

Plaintiff was deposed during discovery in this case, and in his deposition Plaintiff described the events of June 2014 which form the basis for his claims that Defendant Milem violated his constitutional rights related to his legal mail. At that time, Plaintiff was a pretrial detainee at the detention center and was being held awaiting disposition of child molestation charges. (Compl. [Doc. #2] at 3.) Plaintiff mailed to his father in California approximately 70 pages of documents for him to copy and mail back to Plaintiff. (Pl.'s Dep. Part 2 [Doc. #44-4] at 10.) This 70-page packet included approximately 5 pages of information that had been printed from the internet and approximately 65 pages of notes and documents hand-written by Plaintiff related to his pending state charges, including issues he wanted to raise regarding his pre-trial detention, the discovery in his criminal case, and his request to be released. (Id. at 2-7.) Plaintiff intended to mail copies of the documents to judges, TV and radio stations, the Attorney General of North Carolina, the North Carolina Secretary of State, the North Carolina Department of Justice, and others that he believed should be aware of such information. (Id. at 18-20.) Plaintiff asked his father to make ten copies of this 70-page packet. (Id. at 12.) Plaintiff's father was not an attorney and had never served as Plaintiff's attorney. (Id. at 13-14.)

Plaintiff's father made the requested copies, added a few extra copies, and mailed the copies back to Plaintiff at the detention center in seven large envelopes. (Id. at 20-22.) The envelopes were marked "Contains legal copies–Privileged & Confidential Mail," and reflected Plaintiff's father, Robert J. Fiore, as the sender with his return address in Perris, California. (Id. at 5; Compl. at 5.) On the day that the envelopes arrived, Officer Foster of the detention center brought one envelope to Plaintiff in the day room, and Plaintiff accepted it. (Pl. Dep. Part 2 at

22.) Plaintiff knew that his father had mailed six other envelopes. (Id.) He asked Officer Foster where the other six envelopes were. She replied that Captain Milem said that Plaintiff could only have one envelope at a time. (Id.) She told Plaintiff that he would have to "give out these copies in here and you turn in this envelope and you get another envelope, and you give those copies out and then you get another envelope, and so on until all seven are done." (Id. at 23.) Plaintiff reviewed the contents of this envelope and complained that it only had copies of pages 16 through 70. (Id.) Officer Foster told Plaintiff that Captain Milem had said that this mail was not legal mail because it was sent from Plaintiff's father who is not an attorney. (Id. at 32.) Although dissatisfied, Plaintiff sent an incomplete packet to a state superior court judge, Anna Mills Wagoner, and sent a packet to the North Carolina Secretary of State, Elaine Marshall, explaining that he could not send the first 15 pages because Captain Milem would not allow him to have them. (Id. at 25-26.)

After two or three months passed, Captain Milem called Plaintiff into a conference room and told Plaintiff that he was tired of storing Plaintiff's mail and that he was going to give Plaintiff all of his mail. (Id. at 48.) Plaintiff saw his six envelopes in a plastic bin. Captain Milem said the reason that he stored the mail was because it was a fire hazard for Plaintiff to have all the copies in his cell. (Id. at 49.) He allowed Plaintiff to go to a room with all of the envelopes and collate them. (Id. at 58-59.) After Plaintiff had all of the copies, he decided that he would not mail any more out to anyone, and he kept them. (Id. at 62; Pl. Dep. Part 3 [Doc. #44-5] at 7-8.) Plaintiff conceded that while incarcerated he had filed about 28 federal lawsuits over the course of about two and a half years. (Pl. Dep. Part 3 at 9-10.) Plaintiff complains that

-3-

Defendant Milem "hindered [his] due process and [his] access to the courts by not allowing [him] at the time these [envelopes] came, [his] ability to send them out." (Id. at 13.) Plaintiff seeks punitive and compensatory damages, and other relief such as training for the detention officers. Both parties have now filed the present Motions for Summary Judgment.

II. DISCUSSION

A. Standard

Summary judgment is appropriate only when no genuine issue of material fact exists. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. Id. The proponent of summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48). A mere scintilla of evidence supporting the non-moving party's case is insufficient to defeat a motion for summary judgment. See, e.g., Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994); see also Anderson, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials.)

B.  Access to the Courts

Plaintiff alleges that the actions of Captain Milem hindered his access to the courts. To show a violation of the right of access to the courts, Plaintiff must show an "actual injury" that hindered his efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996); White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff may do so by showing "that any interference with his legal mail caused him to suffer actual detriment to a legal proceeding." Williams v. Crawford, 449 F. App'x 288 (4th Cir. 2011).

Central to the issue whether Plaintiff's right of access to the courts was violated is the question whether the mail from Plaintiff's father was legal mail, a question on which the parties disagree. The facts surrounding the mail itself, however, are not in dispute. The mail consisted of six large envelopes, marked as being "legal copies" and "privileged and confidential." Yet, the mail was sent from Plaintiff's father in California who was not and never had been Plaintiff's counsel. Defendant Milem states in his affidavit that he had talked to Plaintiff's father several times by telephone and knew that he was not an attorney at the time of the receipt of the envelopes. (Def. Aff. [Doc. #44-2] at 3.) Defendant Milem also states in his affidavit that at the time the detention center followed the mail regulations as set out by the North Carolina Detention Officer's Certification Course regarding what constitutes legal or privileged mail. (Id.) In that course, detention officers are taught that privileged or legal mail consists of "mail to or from the following individuals: [the inmate's] attorney, court officials, and other government officials." (Id. at 10.) Defendant Milem also notes that the State of North Carolina Prisons policy defines legal mail as "[m]ail to and from attorneys, state and federal courts, the Attorney

General of the United States or the Attorney General of North Carolina, the judiciary, the Industrial Commission, consular officials, or legal aid services or a paralegal." (Id. at 18.) Mail sent to Plaintiff from his father does not fall under either of those definitions of legal or privileged mail. See Lloyd v. Vincent, No. C.A. 4:03-1546-25BH, 2004 WL 3249250 (D.S.C. Sept. 10, 2004) (finding that mail from a publisher containing a copy of the Fourth Circuit Court of Appeals' Rules was not legal mail under South Carolina Department of Corrections' policy). Therefore, summary judgment should be granted to Defendant Milem because Plaintiff has not presented evidence to establish that the mail at issue is legal mail.[1]

Moreover, Plaintiff also has not shown that the delay in receiving the mail from his father caused Plaintiff to suffer actual detriment to a legal proceeding. "To state a claim based on delay or nondelivery of legal mail, a prisoner must allege adverse consequences as a basis for the allegation that the delay or nondelivery deprived him of meaningful access to the courts." Lloyd v. Vincent, No. C.A. 4:03-1546-25BH, 2004 WL 3249250 (D.S.C. Sept. 10, 2004). Here, Plaintiff has not shown any legal proceeding that was affected by the delay. He does not contend and has not shown that the delay created a time bar or other procedural barrier to filing the documents with a court. He also has not shown that he was unable to raise his claims with a court during the time that he was waiting for his additional envelopes. Indeed, he continued to file documents with this Court during that time, so he was still able to bring his contentions

---

[1] Plaintiff does not contend that the detention center rules and regulations regarding non legal mail were unconstitutional, and the records show that the regulations in place at the time Plaintiff was housed at the detention center were reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 404, 408 (1989) (setting out standard).

to the attention of the Court. In addition, the Court notes that after Plaintiff received all of the copies of his document, Plaintiff elected not to even send the document to anyone else because he was "discouraged" and because he wanted to keep the copies as evidence in the present case. (Pl. Dep. Part 2 at 56-62, 68-72.) In the circumstances, Plaintiff has not presented any evidence to show that the delay in receiving the materials resulted in any adverse consequences or actual detriment to a legal proceeding. Therefore, summary judgment should be granted to Defendant Milem on Plaintiff's claim of a violation of his right of access to the courts. See Lewis, 518 U.S. at 349-51; White, 886 F.2d at 723.

    C.    Due Process

Plaintiff also brings a claim for alleged violation of his due process rights, but based on the facts presented by Plaintiff, Plaintiff has not shown that his due process rights were violated by the taking of his mail. As long as Plaintiff had an adequate post-deprivation remedy for the alleged illegal confiscation of his mail, his property was not taken without due process of law. See Hudson v. Palmer, 468 U.S. 517, 533-36 (1984); Williams, 449 F. App'x 288 (affirming dismissal of prisoner's complaint that correctional officers seized items of his personal property as not stating a due process violation because he had an adequate state law post-deprivation remedy). In North Carolina, a prisoner may sue for conversion of his property by a public official, and this remedy satisfies the requirements of due process. See Wilkins v. Whitaker, 714 F.2d 4, 6-7 (4th Cir. 1983); Sheppard v. Moore, 514 F. Supp. 1372, 1376-77 (M.D.N.C. 1981). Therefore, Plaintiff has failed to establish a violation of his due process rights, and summary judgment is appropriate for Defendant Milem.

Because Plaintiff has failed to establish any violation of his constitutional rights, the Court need not consider Defendant's claim of qualified immunity.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Milem's Motion for Summary Judgment [Doc. #43] be granted, and Plaintiff's Motion for Summary Judgment [Doc. #40] be denied, and this action be dismissed.

This, the 8th day of December, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge